IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA

v.  Case No.: 24-cr-6-jdp

JAMES MORGAN,

Defendant.

---

**PLEA AGREEMENT**

---

1. This is the proposed plea agreement between the defendant and the United States in the above-captioned case.

2. **PLEA AND PENALTIES:** The defendant agrees to plead guilty to the sole count of the indictment. This count charges a violation of Title 26, United States Code, Section 5861(d), which carries maximum penalties of 10 years in prison and a $10,000 fine, a three-year period of supervised release, and a $100 special assessment. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional imprisonment term pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing and understands that the Court will enter an order requiring the immediate special assessment payment under 18 U.S.C. § 3013. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment.

3. **RIGHTS WAIVED BY PLEADING GUILTY:** The defendant acknowledges by pleading guilty, that he is giving up these rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel – and if necessary to have the Court appoint counsel – at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

4. **IMMIGRATION CONSEQUENCES:** The defendant understands that upon conviction, if he is not a United States citizen, he may be removed from the United States, denied citizenship, and denied future admission to the United States. The defendant nevertheless affirms that he wants to plead guilty regardless of any removal

and immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

5. **CONDITIONAL GUILTY PLEA:** The defendant has filed a motion to dismiss and a motion to suppress (R. 22 and 23). As of the date of this plea, these motions are pending a final decision by the Court. Pursuant to Federal Rule of Criminal Procedure 11(a)(2), with the consent of the Court, the United States consents to the defendant entering a conditional plea of guilty, reserving his right to have an appellate court review adverse determinations on his motions. If the defendant prevails at the district court or on appeal, he may withdraw his guilty plea.

6. **FACTUAL BASIS:** The defendant agrees that the following facts are true, correct, and that, if this case were to proceed to trial, the government would be able to prove these facts beyond a reasonable doubt. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described herein.

> On December 21, 2023, local and federal law enforcement agents executed a search warrant at the defendant's travel trailer, which was located at the time in Janesville, Wisconsin, Western District of Wisconsin. Defendant was residing in the trailer at the time. Inside a locked safe in the trailer, agents located six improvised explosive devices. The devices were homemade, and several had nails glued to the outside. The devices were rendered safe and sent to the FBI lab for formal testing.
>
> During an interview with agents, defendant admitted he made the devices with his father and referred to them as "grenades." He said he knew they were illegal.
>
> Defendant has nothing registered to him in the National Firearms Registration and Transfer Record.
>
> Experts from the Federal Bureau of Investigation have concluded, and the defendant agrees that the devices he possessed contained explosive powder and were in fact "destructive devices" as that term is defined in 26 U.S.C. § 5845(f).
>
> Defendant acknowledges that the word "firearm" for purposes of the indictment includes a "destructive device" as defined in 26 U.S.C. § 5845(f).

This information is provided to establish a factual basis for the defendant's guilty plea. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

7. **SCOPE OF RESOLUTION:** The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that two conditions are met: (a) the criminal conduct relates to the conduct described in the indictment; and (b) the criminal conduct

was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report. Defendant acknowledges his understanding that this plea agreement does not resolve possible criminal violations stemming from items recovered from his storage unit in the Eastern District of Wisconsin on December 21, 2023.

8. **ACCEPTANCE OF RESPONSIBILITY:** The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, gives the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. Further, the United States' agreement to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement and, if applicable, the defendant's efforts to make immediate restitution payments. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct that is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing, which is inconsistent with acceptance of responsibility. This recommendation is consistent with the defendant signing this plea agreement on or before March 8, 2024.

9. **FINANCIAL STATEMENT:** The defendant agrees to complete the attached financial statement and return it to this office within one week of the guilty plea hearing. The defendant agrees that this financial statement will be a full and truthful accounting, including all available supporting documentation. The defendant authorizes the United States Attorney's Office to run the defendant's credit report. The defendant also agrees that the probation office may disclose to the United States all financial statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents.

10. **SENTENCING DISCUSSIONS:** Other than agreements specifically set forth in this plea agreement, the defendant understands that sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States, other than those memorialized in this plea agreement.

11. **SENTENCING RECOMMENDATIONS:** Based on the evidence currently available to the United States, the United States agrees to recommend to the Court that the Court impose a sentence of no more than 28 months in prison. The defendant acknowledges his understanding that that the United States has made no

promises or guarantees regarding the sentence that will be imposed. The defendant also acknowledges his understanding that the Court may not accept the recommendations, which may be made by the United States, and that the Court can impose any sentence up to and including the maximum penalties set out above.

12. **VOLUNTARINESS OF PLEA:** The defendant acknowledges that no threats, promises, representations, or agreements exist, other than those set forth in this agreement, to cause the defendant to plead guilty. Defendant acknowledges that he has read this agreement, has carefully reviewed it with his attorney and understands and voluntarily accepts all its terms.

13. **THIS IS THE ONLY PLEA AGREEMENT:** By our signatures below, the defendant and defense counsel acknowledge that this is the only plea agreement in this case.

TIMOTHY M. O'SHEA
United States Attorney

March 7, 2024 By: Meredith P. Duchemin
Date         MEREDITH P. DUCHEMIN
             Assistant United States Attorney

3-6-24
Date         JOHNATHAN GREENBERG / Joseph Bugni
             Attorney for the Defendant

3-6-2024
Date         JAMES MORGAN
             Defendant

4

## ACKNOWLEDGEMENTS

I, JAMES MORGAN, am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed the entire agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney, including the charges against me, the elements of those charges, and possible defenses. I am satisfied that my attorney has provided effective assistance of counsel.

_3-6-2024_  
Date

_J. Morgan_  
JAMES MORGAN  
Defendant

I am the defendant's attorney. I have reviewed this agreement carefully with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_3-6-24_  
Date

_[signature]_  
JOHNATHAN GREENBERG    Joseph Bugni  
Attorney for Defendant