IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                      Plaintiff,

  v.                                                      OPINION and ORDER

JAMES MORGAN,                                             24-cr-6-jdp

                      Defendant.

---

Defendant James Morgan is charged with unlawfully possessing destructive devices (homemade shrapnel grenades) not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d). Dkt. 10. Morgan moves to dismiss the indictment, Dkt. 22, and to suppress the critical evidence on the grounds that the evidence was improperly seized in this district pursuant to a warrant issued in the Eastern District of Wisconsin, Dkt. 23.

Magistrate Judge Crocker issued a thorough Report and Recommendation that both motions be denied. Dkt. 46. Morgan objects to the Report and Recommendation. Dkt. 47. Pursuant to 28 U.S.C. § 636(b)(1) and this court's standing order, I am required to review de novo the objected-to portions of the Report and Recommendation.

Morgan says that his objections are focused on key points where the analysis in the Report and Recommendation went wrong. But the objections are largely a reinforcement of the arguments that were presented to Judge Crocker.

As for the motion to dismiss the indictment, the court is persuaded that Judge Crocker's analysis is correct. The Seventh Circuit held that 26 U.S.C. § 5861 was a legitimate exercise of congressional taxing authority in *United States v. Copus*, 93 F.3d 269 (7th Cir. 1996) and *United*

*States v. Lim*, 444 F.3d 910 (7th Cir. 2006). Morgan argues that the principles in *National Federation of Independent Business v. Sebelius*, 567 U.S. 519, 565 (2012), apply to § 5861 and thus undermine the reasoning of *Copus* and *Lim*. But if *Copus* and *Lim* are to be overruled, the court of appeals will have to do it.

Morgan's argument about the motion to suppress makes two main points. First, Morgan contends that the warrant application fails to establish a nexus between his racist, anti-government expressions and his home-made arsenal. Without that nexus, there is no reason to believe that Morgan is a domestic terrorist, which is what authorized the extra-territorial enforcement of the Eastern District warrant under Federal Rule of Criminal Procedure 41(b)(3).

The nexus is there. The definition of "domestic terrorism" in the relevant statute includes certain dangerous acts that "appear to be intended . . . to influence the police or a government by intimidation or coercion." 18 U.S.C. § 2331(5)(B)(ii). In social media posts about his acid-shooting squirt gun, Morgan says, "People should not be afraid of their government governments should be afraid of their people. So here's how you make a device that shoots sulfuric acid!" Dkt. 23-1 at 10. Morgan says that if the "goobermint" comes for his guns, he'll use a home-made chlorine gas bomb on the government agents. *Id*. at 9. The warrant application shows that Morgan is not just a weapons fanatic who happens to be racist and anti-government. In his own words he links his arsenal to his ideology and discusses his plans to resist government authority. And the purpose of the resistance was to reverse government policy related to education, taxes, the military, and foreign relations. *Id*. at 5. The warrant application presented ample "reason to believe" that Morgan was involved in domestic

terrorism as that term is defined in 18 U.S.C. § 2331(5). (And even if Rule 41(b)(3) required a showing of probable cause, I would hold that the standard had been met here.)

Morgan's second argument is that the warrant application was defective because it omitted information that other law-enforcement agencies familiar with Morgan had concluded that he was not a danger to others. The Report and Recommendation addressed this argument thoroughly, and I agree with the conclusion. Ultimately, Morgan might just have big mouth, with no real intent to hurt anyone. Some of the law enforcement officers who had investigated him reached that conclusion, at least tentatively. It would have been better practice to include information about the prior investigations in the warrant application. But I agree with Magistrate Judge Crocker that Morgan's arsenal and his social media posts would have provided adequate support for the warrant, even if all the information about the conclusions of other law enforcement officers had been included.

Finally, Morgan also argues that the good faith exception does not apply. The Report and Recommendation adequately addressed this issue.

The court will adopt the Report and Recommendation.

ORDER

IT IS ORDERED that the Report and Recommendation, Dkt. 46, is adopted, and defendant's motion to dismiss, Dkt. 22, and motion to suppress, Dkt. 23, are denied.

Entered July 9, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge